IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MIKE JOHNSON**                                                                                                   **PLAINTIFF**

**v.**                                                                                      **CAUSE NO.** 3:23-cv-76-TSL-RPM

**CITY OF JACKSON, MISSISSIPPI and**
**JAMES DAVIS, CHIEF OF POLICE,**
**In His Individual Capacity**                                                                       **DEFENDANTS**

<u>**COMPLAINT**</u>
**JURY TRIAL DEMANDED**

COMES NOW THE PLAINTIFF, Mike Johnson, via counsel and files this complaint for legal remedy for injury he suffered due to his employers' violations of 29 U.S.C. § 201, et seq, the "Fair Labor Standards Act of 1938," (FLSA) and in support would show unto the Court the following, to wit:

<u>**PARTIES**</u>

1. The plaintiff, Mike Johnson is an adult resident of Hinds County, Mississippi. During the focus of this litigation, he was an employee as defined by 29 U.S.C. § 203(e)(2)(a) and 29 C.F.R. § 553.211, to wit: a City of Jackson police trainee, undergoing mandatory training of the State of Mississippi.

2. The defendant, City of Jackson, is a political subdivision of Mississippi. The plaintiff worked for the City of Jackson. This defendant is an 'employer' consistent with 29 U.S.C. § 203(d). The county may be properly noticed by service of a copy of the complaint and a summons upon the mayor or city clerk of Jackson, Mississippi.

3. The defendant, James Davis, is sued in his individual capacity. Davis is the chief of police of the City of Jackson Police Department and pertinent to this litigation was the head of the

department that failed to pay the plaintiff for all his time at work. This defendant is an 'employer' consistent with 29 U.S.C. § 203(d). The chief may be properly noticed by service of a copy of the complaint and a summons upon him at the Jackson Police Department.

## JURISIDCTION AND VENUE

4. This Court has Federal Question Jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1391.

5. Venue before this Court is also proper commensurate with 29 U.S.C. § 216(b) in that the injuries to the plaintiff occurred within the Northern Division of the United States District Court of the Southern District of Mississippi.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

6. Pertinent to this litigation, the plaintiff was a police trainee, beginning employment in that capacity in January of 2021, at which time he began the police academy.

7. The plaintiff was assigned to the police academy during the ongoing national emergency caused by the COVID-19 pandemic. Unlike 'normal' training classes, the plaintiff and underwent training seven days a week. The academy training ended in February 2021.

8. The plaintiff and others similarly situated had to undergo 480 hours of training in an 8 week period of time. On average, that is sixty (60) hours of training time per week. This doesn't include other times the plaintiff would be forced to dedicate to work, which would include time cleaning the barracks and studying, both compensable under the FLSA.

9. The plaintiff and others similarly situated would begin physical training before 8:00 am each day and would continue training until about 10:00 pm.

10. The plaintiff and others similarly situated were not paid properly for this time and now seek redress with this Court.

## THE WILLFUL VIOLATION OF THE FLSA
## JUSTIFIES A 3-YEAR STATUTE OF LIMITATIONS

11. At all times referenced above, the defendants knew of, approved, and/or directed this amount of training and failed to pay the plaintiff and others similarly situated for their time.

12. The plaintiff attempted to address his issue of violations of the FLSA, essentially not being paid overtime, with the defendants to no avail

13. Instead of the normal two-year statute of limitations for FLSA cases, the bad faith exhibited by the defendants justifies a three-year statute of limitations for wrongful FLSA payments as provided by 29 U.S.C. § 255.

## ACTUAL DAMAGES

14. The City of Jackson engages in interstate commerce and for this and other reasons must pay non-exempt employees hourly wages and FLSA overtime for all times worked over the maximum allowed by law, in this case forty (40) hours.

15. The plaintiff contends that he was not paid for approximately 120 hours of time dedicated to compensable activities while in the academy.

## LIQUIDATED DAMAGES

16. The plaintiff attempted to address this underpayment to his superiors and was turned away. This response indicates a bad faith effort of the defendants to deprive the plaintiff of his just compensation due under the FLSA. Thus, the plaintiff is entitled to liquidated damages equal to the actual damages incurred.

## ATTORNEY'S FEES

17. The plaintiff is entitled to costs and attorney fees as allowed by the FLSA by being forced to sue to recover his damages.

## PRAYER FOR RELIEF

18. WHEREFORE PREMISES CONSIDERED, the plaintiffs respectfully pray that upon presentation of the facts of this matter, that they be granted the following relief as required by the FLSA:

   a. Compensation for all unpaid time and/or overtime due,

   b. An additional equivalent amount of compensation as liquidated damages,

   c. All Costs and Attorney Fees, and

   d. For what other relief the plaintiff may be entitled to if not for specifically pled.

SUBMITTED, this the 30th day of January, 2023,

**Mike Johnson**

By: _____
His Attorney

Francis S. Springer
MS Bar# 103974
Springer Law Office, PLLC
213 S. Lamar Street
Jackson, MS 39201
PO Box 1280
Madison, MS 39130-1280
Office: 601-605-5004
Fax: 877-605-5004
E-mail: springerlawoffice@gmail.com