```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF MISSISSIPPI
                  JACKSON DIVISION


MIKE JOHNSON                                        PLAINTIFF

VS.                        CIVIL ACTION NO. 3:23-cv-076-TSL-RPM

CITY OF JACKSON, MISSISSIPPI
And JAMES DAVIS, CHIEF OF POLICE,
IN HIS INDIVIDUAL CAPACITY                         DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

Plaintiff Mike Johnson has moved pursuant to Federal Rule of Civil Procedure 4(d)(2) for an award of costs of service of process and for attorney's fees for preparing and filing the present motion on account of the alleged refusal of defendants City of Jackson and James Davis, individually, to waive service of process. Defendant City of Jackson has responded in opposition to the motion,[1] and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes the motion is not well-taken and should be denied.

---

[1] The response, although filed by Deputy City Attorney Sheridan Carr, who has filed a notice of appearance on behalf of both the City and Davis, is purported to be filed only on behalf of the City and not Davis. The record shows that the City has been served with process, filed an answer and responded to the present motion. Defendant Davis, however, as discussed *infra*, has not been effectively served with process, has not filed an answer and has not responded to the present motion.

1

Rule 4(d) provides that "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons," and if the defendant "fails, without good cause, to sign and return a waiver requested by a plaintiff ..., the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Plaintiff asserts in the present motion that he is entitled to an award of costs of service and attorney's fees based on the facts that he mailed to each defendant a waiver of service form; he confirmed via e-mail with three deputy City attorneys that they were aware of and had received the waiver requests; both defendants failed and refused to sign and return the forms; and therefore, he had summonses issued and the defendants served. However, as pointed out in the City's response, Rule 4(d)'s waiver provision does not apply to the City. The law on this point in this circuit is well-established and clear:

> Rule 4's mandatory waiver provisions apply only to "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h)." FED. R. CIV. P. 4(d)(1). State governments, municipal corporations, and "other state-created governmental

2

>organization[s]," along with the federal government and foreign sovereigns, are not subject to mandatory waiver.  As the 1993 Advisory Committee Note to rule 4(d) explains:
>
>>The United States is not expected to waive service for the reason that its mail receiving facilities are inadequate to assure that the notice is actually received by the correct person in the Department of Justice.  The same principle is applied to agencies, corporations, and officers of the United States and to other governments and entities subject to service under subdivision (j).  Moreover, there are policy reasons why governmental entities should not be confronted with the potential for bearing costs of service in cases in which they ultimately prevail.

Moore v. Hosemann, 591 F.3d 741, 746 (5th Cir. 2009).

As for defendant Davis, plaintiff has sued Davis, the City's chief of police, in his individual capacity only.  As a public official sued in an individual capacity, Davis is subject to service under Rule 4(e), and is therefore subject to the waiver provisions of Rule 4(d).  See Barnes v. Dunn, Case No. 4:19-cv-00558-ACA-SGC, 2022 WL 10264034, at *12 (N.D. Ala. Aug. 17, 2022) (citing 4B FED. PRAC. & PROC. CIV. § 1109 (explaining a government officer sued in an individual capacity "must be served as would any other individual defendant")); Hanna v. LeBlanc, Civ. Action No. 15-2851, 2017 WL 2198345, at *12 (W.D. La. Mar. 8, 2017) (holding that while Rule 4(d)'s mandatory waiver-of-service provisions do not apply to state official sued in his official capacity, they do apply to a state official in

A
B

his individual capacity). However, a defendant is not responsible for costs of service for failing to waive service, unless and until such defendant is in fact served by other means. Al-Hizbullahi v. Bleisner, No. C 04-4903 MMC (PR), 2010 WL 456928, at *3 (N.D. Cal. Feb. 3, 2010). It is clear that Davis has not been served.

Under Rule 4(e), an individual may be served by following state law for serving a summons in an action brought in a state court where the district court is located or where service is made, see Fed. R. Civ. P. 4(e)(1), or by doing any of the following: (A) "delivering a copy of the summons and of the complaint to the individual personally"; (B) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (C) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Under Mississippi's Rule 4, personal service of process upon an individual (other than an unmarried infant or an incompetent person), is completed by delivery of a copy of the summons and complaint "to him personally or to an agent authorized by appointment or by law to receive service of process," or if that cannot be accomplished through reasonable diligence, by leaving them at the defendant's usual place of abode with a member of the defendant's family over the age of

4

16. Brown v. Bond, 811 So. 2d 238, 240 (Miss. Ct. App. 2000) (citing Miss. R. Civ. P. 4(d)(1)(A)). Plaintiff's return of service reflects that the summons and complaint were delivered to "Nikki Rossaslio – Deputy Clerk (In-Take Office) Office of the City Clerk." The City asserts that Nikki Rossaslio is not an agent of Davis, individually, specifically authorized for service of process. Plaintiff does not dispute this. Rather, he suggests that since Deputy City Attorney Carr filed a notice of appearance as counsel for both the City and Davis, then Davis has waived any objection based on plaintiff's failure to serve him with process. This position is unfounded. Despite having filed a notice of appearance as counsel for the City and Davis, Carr has not purported to file an answer or take any other action on behalf of Davis and has not, merely by his notice of appearance, waived any objection regarding service of process on Davis. Furthermore, more than 90 days have passed since plaintiff filed his amended complaint, and Davis has not been served. Federal Rule 4(m) states,

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Accordingly, it is ordered that plaintiff's motion for costs and attorney fees is denied. It is further ordered that plaintiff shall respond and show cause on or before June 9, 2023 why his complaint against defendant Davis should not be dismissed for failure to timely serve process.

SO ORDERED this 26th day of May, 2023.

/s/ Tom S. Lee
UNITED STATED DISTRICT JUDGE

Accordingly, it is ordered that plaintiff's motion for costs and attorney fees is denied. It is further ordered that plaintiff shall respond and show cause on or before June 9, 2023 why his complaint against defendant Davis should not be dismissed for failure to timely serve process.

SO ORDERED this 26th day of May, 2023.

/s/ Tom S. Lee
UNITED STATED DISTRICT JUDGE